UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 30 2012
BROOKLYN OFFICE

------------------------------------------------------------X

OLSEN KEY,

        Petitioner,

-against-

UNITED STATES OF AMERICA,

        Respondent.

------------------------------------------------------------X

10-CV-1496 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

ORDER & OPINION

ROSS, United States District Judge:

Olsen Key ("petitioner"), appearing pro se, seeks to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. On August 15, 2007, a judgment of conviction was entered in this court following petitioner's guilty plea to a two-count information charging him with conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841 (Count One), and aiding and abetting the use and carrying of firearms during and in relation to a drug trafficking offense and a crime of violence, in violation of U.S.C. §§ 924(c)(1) and (2) (Count Two). Petitioner's cooperation with the government was acknowledged and discussed by the parties at sentencing, but the government did not file a motion requesting a reduction in petitioner's sentence based on his cooperation. Petitioner was sentenced to time served on Count One. On Count Two, he was sentenced to a mandatory five-year term of imprisonment, to run consecutive to his sentence for an unrelated state-court conviction, followed by a five-year period of supervised release. As a condition of supervised release, the court imposed a requirement that petitioner undergo mental health treatment as directed by the probation department. Petitioner appealed to the Second Circuit Court of Appeals, which affirmed his conviction by summary order. See United States v. Key, 339 Fed. Appx. 42 (2d Cir. 2009).

In the instant challenge to his conviction and sentence, petitioner contends that (1) the government's decision not to file a § 5K1.1 letter on petitioner's behalf was a breach of its obligation to do so pursuant to his cooperation agreement; (2) the district court was mistaken in concluding that, absent a motion by the government, it would not depart downward from the mandatory minimum sentence in recognition of petitioner's cooperation; and (3) the probation department erred when it recommended mental health treatment as a condition of petitioner's supervised release. Petitioner also asserts that he was denied the effective assistance of counsel insofar as appellate counsel did not assert these arguments on direct appeal.

The parties' familiarity with the factual and procedural background of the petition, which is accurately recited in the Government's Response in Opposition to Petition to Vacate Conviction pursuant to 28 U.S.C. § 2255 ("Response Memo") (Dkt. No. 19) at 2-10, is assumed and need not be restated here. To the degree that it is necessary, information pertinent to the specific claims made in this petition will be addressed in context in the discussion below. For the reasons that follow, I find that petitioner's claims are procedurally barred and otherwise lack merit. I therefore deny the petition in its entirety.

## DISCUSSION

The government argues, as a threshold matter, that petitioner's arguments are procedurally improper because they should have been raised on direct appeal. Petitioner acknowledges that the claims he now asserts were not raised before but appears to argue that the failure to raise them was due to the ineffective assistance of appellate counsel. See Petitioner's Reply in Opposition to the Government's Response ("Reply Memo") (Dkt. No. 35) at 30.

In federal habeas cases, a defendant who fails to raise a claim on direct appeal is barred from raising the claim on collateral review unless he can demonstrate both cause for and

prejudice from not having done so.[1] Sanchez-Llamas v. Oregon, 548 U.S. 331, 350-51 (2006); see Coleman v. Thompson, 501 U.S. 722, 752 (1991), reh'g denied, 501 U.S. 1277. Therefore, insofar as petitioner claims that he can demonstrate such cause and prejudice from counsel's failure to raise the instant arguments on direct appeal, my assessment of whether the claims are procedurally defaulted necessitates a review of counsel's performance and the merits of petitioner's claims. As discussed below, petitioner's instant claims are meritless and his counsel's performance was constitutionally adequate. Because petitioner can establish neither cause nor prejudice, I find that his claims are procedurally barred.

I. The District Court Did Not Err in Sentencing Petitioner to the Mandatory Minimum on Count Two

Petitioner first argues that the sentencing court mistakenly believed that it lacked the authority to depart from the mandatory minimum sentence it imposed for petitioner's conviction under Count Two, which charged that petitioner had aided and abetted the use and carrying of firearms during and in relation to a drug trafficking offense and a crime of violence, in violation of U.S.C. §§ 924(c)(1) and (2). Petitioner is mistaken, as the court correctly imposed the mandatory five-year consecutive term of imprisonment, from which it did not have authority to depart. See 18 U.S.C. § 924(c)(1)(A)(i). Contrary to petitioner's contention, the district court could not give petitioner a sentence lower than the mandatory minimum based on its independent assessment of defendant's cooperation in the case. Title 18, Section 3553(e), entitled "Limited Authority to impose a sentence below a statutory minimum," provides, that "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. §

---

[1] A petitioner may also avoid the consequences of procedural default by demonstrating actual innocence. See Bousley v. United States, 523 U.S. 614, 622 (1998). This exception is not applicable to the present petition.

3553(e) (emphasis added). Because there was no such motion brought by the government in this case, the district court did not have the authority to impose a lower sentence and properly sentenced petitioner to the minimum term required by law.

II.     The Government Was Not Obligated to Make a Downward Departure Motion

Petitioner's next ground for habeas relief is predicated on his assertion that the government incorrectly relied on an "illegally imposed state sentence" when it declined to file a motion, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. §3553, urging that petitioner be given a reduced sentence for his cooperation. In conjunction with this claim, petitioner asserts that he fulfilled the requirements of his cooperation agreement and that, insofar as his guilty plea was predicated on the promise of a § 5K1.1 letter for providing substantial assistance, the government was contractually obligated to make a sentencing motion on his behalf. He requests a hearing to determine if he "satisfied his obligations with respect to the cooperation agreement and to determine, if the government's decision refusing to file downward departure motions were . . . made in bad faith." Reply Memo at 30. Because it is clear from the record that petitioner violated the terms of his cooperation agreement and that the government was thereby relieved of any obligation it might otherwise have had to file a motion on petitioner's behalf at sentencing, neither habeas relief nor a hearing into petitioner's claim of bad faith is warranted.

Cooperation agreements are reviewable by courts in certain, delineated circumstances and "are interpreted according to principles of contract law." United States v. Rexach, 896 F.2d 710, 713 (2d Cir. 1990). Where, as here, a plea agreement provides that the government will file a motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. §3553 in return for a defendant's substantial assistance, it is proper for the court to review the cooperation agreement to see if the government has lived up to its end of the bargain. United States v. Roe, 445 F.3d 202, 207 (2d

4

Cir. 2006). If "the explicit terms of a cooperation agreement leave the acceptance of the defendant's performance to the judgment of the prosecutor, the prosecutor may reject the defendant's performance provided he or she is honestly dissatisfied." Rexach, 896 F.2d at 713 (quoting Restatement (Second) of Contracts § 228, comment a (1981)). Where a defendant claims that the government has acted in bad faith in refusing to move for a downward departure, the government may rebut this allegation by explaining its reasons for refusing to depart, and an evidentiary hearing on the issue is warranted only if the defendant can make a showing of bad faith. Roe, 445 F.3d at 208.

Prior to pleading guilty to the counts charged in this case, petitioner entered a cooperation agreement with the government stating that:

> If the Office determines that [petitioner] has cooperated fully, provided substantial assistance to law enforcement authorities and otherwise complied with the terms of the agreement, the Office will file a motion pursuant to U.S.S.G. Section 5K1.1 and 18 U.S.C. Section 3553(e) with the sentencing court setting forth the nature and extent of his cooperation. Such a motion will permit the Court, in its discretion, to impose a sentence below any applicable Sentencing Guidelines range and also below any applicable mandatory minimum sentence. In this connection, it is understood that a good faith determination by the Office as to whether the defendant has cooperated fully and provided substantial assistance and has otherwise complied with the terms of this agreement . . . shall be binding upon him.

Cooperation Agreement ¶ 6 (Dkt. No. 6). The terms of the agreement included, inter alia, a prohibition on petitioner's commission, or attempted commission, of any further crimes. Id. ¶ 8. Namely, the agreement provided that, "[s]hould it be judged by the Office that [petitioner] . . . has committed or attempted to commit any further crimes . . . , [petitioner] will not be released from his plea of guilty but this Office will be released from its obligations under the agreement," including its obligation to file a motion at sentencing to reflect petitioner's cooperation and assistance. Id.

Petitioner entered a guilty plea in this case on May 14, 1998. Response Memo, Ex. B (Dkt. No. 47). He was thereafter released on bond pending sentencing. On June 13, 2002, local law enforcement authorities in Nassau County, New York, arrested petitioner for the June 9, 2002 kidnapping and assault of his then girlfriend. He pled guilty to the charges in state court and received an eighteen-year sentence on May 28, 2003.

While in the process of appealing the state court conviction, petitioner was sentenced in this case. He did not receive the benefit of a government sentencing motion. Petitioner's counsel and the court acknowledged, on the record, that the government had declined to file a motion requesting a downward departure in sentencing because petitioner had been arrested on the state kidnapping and arrest charges. Petitioner now argues that the government was obliged to file a § 5K1.1 letter on his behalf.

There is no question in the court's eyes that petitioner's actions and ensuing arrest permitted the government to make a binding, good faith determination that petitioner had not complied with the terms of the agreement and was, therefore, not entitled to have a § 5K1.1 letter or 18 U.S.C. Section 3553(e) motion filed on his behalf. Contrary to petitioner's argument, it is immaterial that the government may have previously acknowledged that he provided substantial assistance in the case. Petitioner had an ongoing obligation to follow the terms of the cooperation agreement to the satisfaction of the government. Those terms included a prohibition on further criminal activity, which prohibition petitioner violated.

That petitioner's state court conviction was subsequently reversed and remitted, based on the state court's failure to advise petitioner at his guilty plea that post-release supervision would be a part of his sentence, is irrelevant in determining whether the government properly exercised its discretion in declining to file a motion requesting that petitioner receive a sentence lower than

the statutory minimum. At the time of sentencing, there was a sufficient basis for the government to conclude that petitioner had committed a crime, in violation of the terms of the cooperation agreement. Indeed, petitioner's counsel conceded that his re-arrest provided the government with a basis for declining to submit a 5K1.1 letter. See Response Memo, Ex. C (Dkt. No. 47) at 10. Petitioner has since pled guilty to renewed charges brought in relation to the kidnapping and assault and was sentenced to a term of seventeen-years' imprisonment. Response Memo, Ex. D (Dkt. No. 47). As such, there is no basis on which to find that the government acted in bad faith in concluding that it was not obliged to file a motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. §3553. Petitioner's request for a hearing on this issue is denied.

III.   The Probation Department's Mental Health Treatment Recommendation Did Not Violate Petitioner's Constitutional Rights

At sentencing, pursuant to a recommendation from the probation department, the court imposed a condition of supervised release requiring petitioner to undergo "mental health treatment with a provider selected by the probation department which may include outpatient or residential treatment." Response Memo, Ex. C at 35. Defendant states that he has no history of mental health problems and asserts that the imposition of this requirement is a violation of his constitutional rights.

In determining the length of the term and the conditions of supervised release imposed, a court is to consider factors including, inter alia, the history and characteristics of the defendant and the need to protect the public from further crimes of the defendant. See 18 U.S.C. § 3583. At the time that the mental health treatment condition was imposed, both petitioner and his counsel were present, and neither objected to the imposition of this requirement, despite voicing objections to other conditions that had been recommended. In light of petitioner's history of violence, recounted in his pre-sentencing report, there is no basis on which to conclude that the

7

condition of mental health treatment was inappropriate, much less unconstitutional.

IV.     Petitioner Was Not Denied the Effective Assistance of Counsel

Petitioner also appears to contend that he was deprived of the effective assistance of counsel because appellate counsel failed to raise, on direct appeal, the arguments forwarded in this collateral attack. Strickland v. Washington, 466 U.S. 668 (1984), established the two-prong test by which ineffective assistance of counsel claims are adjudicated. See Harrington, 131 S. Ct. at 780. Under Strickland, a petitioner must demonstrate, first, that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," id. at 688, and second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 698. A court need not decide both prongs of the Strickland test if a there is an insufficient showing on one. See id. at 697. In attempting to demonstrate that appellate counsel's failure to raise a claim constitutes deficient performance, "it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994). Instead, to succeed, petitioner must show that "counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Id.

It is clear from the record before the court that appellate counsel's performance was reasonable under prevailing professional norms. Petitioner has attached correspondence from appellate counsel wherein counsel tells petitioner why he would not advance, in his appellate brief, certain claims here raised by petitioner. See Reply Memo, Ex. J (Dkt. No. 35-2) at 86-87. The correspondence demonstrates that counsel decided not to advance those arguments because

he believed they had no legal merit.[2] Declining to pursue every argument that petitioner suggests does not constitute constitutionally ineffective assistance, and counsel's strategic decision not to advance untenable arguments "falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Moreover, as none of the claims that petitioner has advanced in this petition have merit, petitioner cannot demonstrate any prejudice from counsel's failure to preserve them. Petitioner's ineffective assistance of counsel claim thus fails to meet either of Strickland's prongs for relief, and habeas relief is not available.

## CONCLUSION

The petition for a writ of habeas corpus is denied. Because petitioner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the court declines to issue a certificate of appealability. In addition, this court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-445 (1962). The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: March 30, 2012
Brooklyn, New York

---

[2] One of the arguments discussed therein, which petitioner discusses in his reply, relates to petitioner's contention that, pursuant to Bailey v. United States, 516 U.S. 137 (1995), it was improper to charge him with violating 18 U.S.C. § 924 (c)(1) for merely storing a firearm. It is not clear whether petitioner also seeks habeas relief on this ground. To the degree, however, that he does, he is procedurally barred from raising the claim here because his appellate counsel made the strategic decision not to argue it before the Second Circuit. See id. Moreover, as his counsel noted, Bailey is of no help to petitioner because it interpreted what conduct could constitute "use" of a firearm, and petitioner was not convicted under that prong of the statute.

SERVICE LIST:

**Petitioner:**

Olsen Key
# 03-A-3031
Wende Correctional Facility
3040 Wende Road
P.O. Box 1187
Alden, NY 14004-1187